# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Jay Ire Properties, LLC and Carl
Felder,

                Plaintiffs,

                              Case No. 1:22-cv-3563-MLB

v.

Cobb County, Georgia and Kevin
Gobble,

                Defendants.

_____/

## OPINION & ORDER

In 2021, Plaintiff Carl Felder and his company (Plaintiff Jay Ire Properties, LLC) obtained permits to build two model homes in Defendant Cobb County. (Dkt. 1 ¶¶ 11, 24.) Defendant Kevin Gobble (Cobb County Chief Building Official) later revoked both permits. (Dkt. 12 ¶ 30.) Plaintiffs sued, claiming Defendants revoked the permits because Plaintiff Felder is African American, in violation of 42 U.S.C.

§ 1981.  (Dkt. 1 ¶¶ 1, 15–18.)  Defendants now move to dismiss.  (Dkt. 13.)

The Court grants Defendants' motion.[1]

## I.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible

on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for

---

[1] Although Plaintiffs' complaint cites 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII, Defendants say the complaint actually asserts a single Section 1981 claim via Section 1983.  (*See* Dkts. 1 at 1, 3; 13-1 at 10–12.) Plaintiffs do not dispute this characterization.  (*See* Dkt. 17.)  So the Court assumes it is right.  But, even if Plaintiffs were asserting separate race discrimination claims under "Title VII, the Equal Protection Clause, and 42 U.S.C. § 1981," it would not make a difference because "[t]he legal elements under any of these frameworks are identical."  *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019).  "[A]ll require proof of intentional discrimination."  *Redding v. Tuggle*, 2007 WL 2462641, at *9 (N.D. Ga. July 11, 2007); *see Hossain v. Steadman*, 855 F. Supp. 2d 1307, 1312 (S.D. Ala. 2012) ("The test for intentional discrimination in suits under § 1981, § 1983, and Title VII are the same.").  Plus, Title VII is an obvious nonstarter here because it applies only "in the employment context" and Plaintiffs do not assert "a claim arising out of an employment relationship."  *Washington v. Dep't of Corr.*, 2019 WL 2583089, at *2 n.4 (M.D. Ala. June 21, 2019); *see Perry v. Schumacher Grp. of Louisiana*, 809 F. App'x 574, 579 (11th Cir. 2020) ("Congress enacted Title VII to regulate only specific employment relationships. . . . Only employees may bring a Title VII suit.").

the misconduct alleged." *Id.* This requires more than a "mere possibility of misconduct." *Id.* at 679. Plaintiff's well-pled allegations must "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.   Discussion

To state a claim under Section 1981, Plaintiffs must plead "enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *see Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). Defendants say Plaintiffs have not done this. (Dkt. 13-1 at 1–2.) The Court agrees.

The complaint alleges Defendants "discriminated against Plaintiffs," "treated Plaintiff Felder disparately from other contractors on the basis of race," did not return Plaintiffs' calls, and flip-flopped on whether Plaintiffs could proceed with the model homes. (*See* Dkts. 1 ¶¶ 16, 18; 12 ¶¶ 25, 27, 29–30.) But the first two allegations about "discriminat[ion]" and "disparate[]" treatment are conclusory, so the Court disregards them. *See Garcia v. Madison Cnty. Alabama Sheriff's Off.*, 2021 WL 3238813, at *4 n.4 (11th Cir. July 30, 2021) ("[T]he district

3

court must . . . disregard conclusory allegations."). And the second set of allegations about unreturned calls and flip-flopping suggests no misconduct of any kind, much less misconduct tied specifically to Plaintiffs' race. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach.").

The complaint also alleges (1) two Cobb County water officials "want[ed] to stop Plaintiffs from working in Cobb County" because they "dislike[d]" Plaintiffs; (2) one of those officials falsely told a third official "the County had problems with Plaintiffs in the past;" and (3) the official made this remark "to explain the treatment of Plaintiffs in this case, and also to poison any recourse the Plaintiffs have to others in Cobb County government." (Dkt. 12 ¶¶ 39–40.) But these allegations do not move the needle because none of the officials are named defendants, nothing suggests they had a role in Plaintiffs' permit revocation (which is the only challenged conduct here), and nothing suggests their conduct or "dislike" for Plaintiffs was based on race. *See Doe v. Samford Univ.*, 29 F.4th 675, 689 (11th Cir. 2022) (dismissing a sex discrimination claim because,

"even if [plaintiff's allegations] give rise to an inference of bias, there is no reason to suppose that this bias concerned [plaintiff's] sex").

The complaint next alleges Defendants offered a "false" explanation for revoking Plaintiffs' permits, Defendants "knew [the explanation] was false," and Defendants "used [the explanation] to give the appearance of propriety in revoking Plaintiffs' permits." (Dkt. 12 ¶¶ 30–35.) But, again, these allegations are conclusory, so the Court disregards them. The complaint also says Defendants offered "disingenuous" reasons for ordering Plaintiffs to halt construction a few weeks before Defendants revoked the permits. (*Id.* ¶¶ 41–42.) But Defendants' "stop work order" simply said: "This project has been inspected and found in non-compliance of the following: not approved for split of lot[;] no inferstructure [sic]." (Dkt. 14 at 6.) It is unclear what this language even means, much less that it was false. And, even if it was false, Defendants later told Plaintiffs "the stop work order would be lifted, and to move forward with the work." (Dkt. 12 ¶ 25; *see id.* ¶ 29.) This effectively washed out any alleged errors in Defendants' order, which undermines Plaintiffs' allegation that Defendants made those errors intentionally.

Moreover, even if Defendants did offer false explanations for the "stop work order" and for revoking Plaintiffs' permits, it would not follow that Plaintiffs' race was the real explanation for those things. On the record here, Defendants' false explanation is "merely consistent" with race discrimination, making it impermissibly "speculative" to infer the latter from the former. *Twombly*, 550 U.S. at 555, 557; *Samford Univ.*, 29 F.4th at 688. That is so because Plaintiffs' complaint says virtually nothing about race. All it says is Plaintiff Felder is African American, Defendants revoked Plaintiffs' building permits, and—if we credit a conclusory allegation—Defendants lied about why they did so. This leaves room for any number of possible explanations for Defendants' conduct, each as likely as the other. Plaintiffs' race is just one of those possibilities. And Plaintiffs do nothing to "nudge[] [it] across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Plaintiffs do not really dispute any of this. Quite the opposite. They admit they had "problems" obtaining "information" for their complaint, they "do not have an abundance of facts," and they have simply "done what they can at this stage." (Dkt. 17 at 3, 5.) Plaintiffs apparently think this entitles them to discovery. (*See id.* at 3.) But that is not how

litigation works.  "[D]iscovery *follows* a well-pleaded complaint; not the other way around."  *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013).  Discovery is "not a device to enable the plaintiff to make a case when his complaint has failed to state a claim."  *Id.* at 728.  That is so even where there is "informational asymmetry" between the parties, as Plaintiffs insist there is here.  *Gibbons v. McBride*, 2014 WL 5460593, at *4 (S.D. Ga. Oct. 27, 2014).

Given the totality of the record, the Court agrees with Defendants that Plaintiffs have not pled a plausible claim for race discrimination.  So the Court grants Defendants' motion and dismisses this case.[2]

---

[2] For the reasons explained in Defendants' opening brief, Plaintiffs' claim against Defendant Cobb County fails for the additional reason that Plaintiffs have not met the stringent requirements for establishing municipal liability.  (*See* Dkt. 13-1 at 20–25); *see Holland v. City of Auburn, Alabama*, 657 F. App'x 899, 905 (11th Cir. 2016) ("[T]here are strict limitations on municipal liability."); *Ford v. Gualtieri*, 2018 WL 11216671, at *4 (M.D. Fla. June 12, 2018) ("Properly asserting a claim of municipal liability that meets *Iqbal's* pleading requirements is difficult.").  The complaint also asserts a claim for attorneys' fees under 42 U.S.C. § 1988.  (Dkt. 1 ¶ 22.)  But this is "a derivative claim," which "cannot survive in the absence of an underlying substantive claim." *Pedrick v. City of Rome*, 2007 WL 9702862, at *9 (N.D. Ga. Nov. 19, 2007). The Court has already dismissed Plaintiffs' underlying discrimination claim.  So Plaintiffs' claim for attorneys' fees fails as well.  *See, e.g.*, Rob*inson v. Statewide Wrecker Serv., Inc.*, 2022 WL 17363881, at *4 (N.D. Ga. Nov. 30, 2022) (dismissing a Section 1988 claim as derivative of other dismissed claims).

## III.  Conclusion

The Court **GRANTS** Defendants' Motion to Dismiss (Dkt. 13) and

**DISMISSES** this case.

**SO ORDERED** this 24th day of April, 2023.


_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE